# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 16-cv-01223-RM-NYW

THOMAS R. ANTHONY,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a Colorado home rule municipality; and
ANTHONY SANDOVAL, Denver zoning technician, in his official capacity,

    Defendants.

---

## ORDER
---

In this case, Plaintiff brings just compensation claims against Defendants related to property he previously owned, which is the subject of eminent domain proceedings in Colorado state court. Two separate motions are presently before the Court on separate recommendations from Magistrate Judge Nina Y. Wang. One is Defendants' *Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(1) and (6)*. (ECF No. 110.) The *Recommendation of United States Magistrate Judge* is to **grant** the motion to dismiss. (ECF No. 133.) The other is Plaintiff's *Motion to File Replacement Second Amended and Supplemental Complaint and Reconsider Order of Sept. 29, 2017 In Part*. (ECF No. 131.) The *Recommendation of United States Magistrate Judge* is to **deny** Plaintiff's motion to reconsider and motion for leave to file an amended complaint. (ECF No. 160.) Plaintiff objects to both recommendations (ECF Nos. 138, 161); the Defendants responded to each objection (ECF Nos. 145, 164).[1]

---

[1] Plaintiff also filed a *Reply on Objections to Magistrate's Recommendations of 6/28/18*. (ECF No. 149.) Fed. R. Civ. P. 72(b) does not provide for replies in objecting to a magistrate judge's recommendations. Nonetheless, as no party has objected to the filing of the reply, and it does not raise new issues, the Court will not strike it in this instance.

For the following reasons, the Court OVERRULES Plaintiff's objections, ADOPTS the recommendations, DENIES Plaintiff's motion to reconsider and request for leave to file an amended complaint, and GRANTS Defendants' motion to dismiss.

I.  BACKGROUND

The parties do not object to the factual or procedural background discussed in the recommendations. Accordingly, the Court adopts and incorporates the factual and procedural background included within the recommendations as if set forth herein. To put the Court's analysis in context, a brief summary follows.[2]

When Plaintiff filed his initial complaint on May 23, 2016, he owned property at 5001 National Western Drive, Denver, Colorado (the "Property"), located next to the National Western Stock Show's property. The Property was used as his personal residence and place of business. In November 2015, a tax issue was passed to fund the National Western Center Project—a multimillion dollar expansion of the National Western Center, which is located near Plaintiff's Property (the "Project"). Subsequently, the City of Denver notified Plaintiff it intended to acquire his Property through condemnation proceedings.

Plaintiff alleges that Defendants engaged in various wrongful actions to devalue and acquire his Property for a deflated amount through eminent domain. After Plaintiff initiated this lawsuit (May 23, 2016) but before filing his Second Amended Complaint (January 26, 2018), the City filed a Petition in Condemnation in the District Court, City and County of Denver, State of Colorado on November 10, 2016, to acquire Plaintiff's Property, titled *City & County of Denver v. Anthony*, Case No. 2016CV34153 (the "Condemnation Proceeding"). (*See* ECF Nos. 73-1;

---

[2] Any additional information or allegations necessary to the resolution of the objections will be set forth below.

73-2; 73-3; 75, 109-10.)[3] Plaintiff then entered into a Stipulation for Immediate Possession (the "Stipulation"), allowing the City to acquire possession of the Property; therefore, the sole remaining issue in the state Condemnation Proceeding was the amount of just compensation for the Property taken. (*See* ECF Nos. 71 at ¶1; 75; 73-3.) On July 31, 2017, a final order was entered in the Condemnation Proceeding which identified the amount of compensation Plaintiff would be paid for the taken Property.[4] (ECF No. 109-10 at 3.) On November 16, 2017, Plaintiff filed a Notice of Appeal, appealing the final order in the Condemnation Proceeding to the Colorado Court of Appeals. (*Id.* at 1.) No decision from the Colorado Court of Appeals has been issued. The Court now turns to the applicable legal standards and motions at issue in this case.

## II. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires the district court judge to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's

---

[3] In addition to what the parties have filed in this case, "Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party." *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997). This includes, but is not limited to, the court's "own records and files, and facts which are part of its public records," *St. Louis Baptist Temple, Inc., v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979); and "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue," *id.* at 1172. "[G]enerally, that which may be judicially noticed need not be pleaded." *Id.* at 1172.

[4] It appears that the final order was entered pursuant to a *Proposed Certificate of Ascertainment and Assessment and Report of Commissioners* filed by the City and County of Denver which valued the property taken at $1,875,000.00. (ECF No. 109-12.)

3

recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). The district judge need not, however, consider arguments not raised before the magistrate judge. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). And, where a claim is dismissed on two or more independent grounds, the plaintiff must contest each of those grounds. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016). If the plaintiff fails to do so, the court may affirm on the ground which the plaintiff failed to challenge. *Id.*

### B. Motions to Dismiss

#### 1. Fed. R. Civ. P. 12(b)(1)

Motions to dismiss under Rule 12(b)(1) are, generally, either a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction or a factual attack which goes beyond the allegations and challenges the facts on which subject matter jurisdiction is based. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). A facial attack challenging the sufficiency of the complaint requires the court to accept the allegations of the complaint as true. *Stuart*, 271 F.3d at 1225; *Holt v. United States*, 46 F.3d 1000, 1002 (10th

Cir.1995) (internal citation omitted). A factual attack affords the district court "'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Stuart*, 271 F.3d at 1225 (quoting *Holt*, 46 F.3d at 1003). Such reference to evidence outside the pleadings does not convert the Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. *Stuart*, 271 F.3d at 1225.

   2. *Fed. R. Civ. P. 12(b)(6)*

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). Conclusory allegations are insufficient. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Instead, in the complaint, the plaintiff must allege a "plausible" entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007). A complaint warrants dismissal if it fails "*in toto* to render plaintiffs' entitlement to relief plausible." *Twombly*, 550 U.S. at 569 n.14 (italics in original). "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard does not require a plaintiff to set forth a prima facie case for each element." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citation, internal quotation marks, and alteration omitted).

   **C.    Motions to Amend a Scheduling Order**

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4), and (2) satisfaction of the [Fed. R. Civ. P.] 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d

1230, 1240 (10th Cir. 2014). Good cause under Fed.R.Civ.P. 16(b)(4) ("Rule 16") may be met if a plaintiff learns new information from discovery. However, "[i]f the plaintiff knew of the underlying conduct but simply failed to raise [his claims] … the claims are barred." *Id*.

### D. Plaintiff's *Pro Se* Status

Plaintiff proceeds *pro se* so the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

The Court first addresses Plaintiff's motion for leave to amend the Scheduling Order and file a pleading titled *Replacement Second Amended and Supplement Complaint* ("RSASC") because its resolution affects whether the other motions remain at issue.

### A. Plaintiff's Motion to Amend and Reconsider (ECF No. 131)

#### 1. Motion to Amend

As an initial matter, the Court agrees with the Recommendation's[5] conclusion that Plaintiff seeks to amend, not supplement, his pleadings. (ECF No. 160 at 7-8.) Plaintiff's objection states that he seeks "to supplement with claims arising from Denver's misconduct during the condemnation proceeding in 2017" and argues that, therefore, Rule 15(d) applies. (ECF No. 161 at 5.) But the pleading to be "supplemented"—Plaintiff's Second Amended Complaint—was filed on January 26, 2018, meaning all the "2017 misconduct" that Plaintiff references occurred before the Second Amended Complaint was filed. (ECF No. 108.)

---

[5] All refences to "the Recommendation" in this Section III.A are to the Magistrate Judge's September 4, 2018 recommendation docketed at ECF No. 160.

6

Therefore, Plaintiff does not set "out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added).

Next, the Court addresses whether Plaintiff has established good cause for modifying the Scheduling Order. The Scheduling Order in this case set January 26, 2018 as the deadline for amending pleadings—Plaintiff, through his attorneys, filed the Second Amended Complaint on that date. (ECF No. 113 at 5.) But on June 20, 2018, Plaintiff requested leave to file a subsequent, third amended complaint, because his former attorneys "did not consult" him and "failed[ed] to study the [Court's prior] order—and the case" before filing the Second Amended Complaint. (ECF No. 131 at 2.) The Recommendation concludes that Plaintiff fails to establish the required good cause for modifying the scheduling order to allow amendment of his pleadings and recommends denying the request. (ECF No. 160 at 7-12.) Plaintiff objects that the Recommendation erred by elevating the Scheduling Order deadline above the adjudication of his claims. (ECF No. 161 at 11.) Plaintiff's objection, just like the underlying motion, points to his former attorneys' "unpermitted filing" of the Second Amended Complaint as good cause to support the out-of-time filing. (ECF No. 161 at 13-16.) Plaintiff also takes issue with the Recommendation's statement that Plaintiff filed the instant motion more than two years after this case was initiated—he argues that much of the two-year delay in this case is attributable to the Court, not him. (*Id.* at 13, 15.) Defendants respond that Plaintiff is bound by his prior counsel's actions and that the untimeliness of his request, standing alone, justifies denying modification of the Scheduling Order deadline to allow leave to amend. (ECF No. 164 at 5, 6-7.) The Court agrees with the Recommendation that Plaintiff fails to establish good cause under Rule 16.

First, as the Recommendation explained, the focus of Rule 16's good cause standard is on the diligence of the party seeking leave to modify the scheduling order. (ECF No. 160 at 8-9.)

7

Plaintiff's proffered justification—that his prior counsel filed the operative complaint in this matter without his permission—explains *why* he seeks to file a third amended complaint, but fails to provide good cause for the *delay* in seeking to amend his pleadings five months after the Scheduling Order's deadline passed. In a similar vein, Plaintiff's objection states that he fired his attorneys within three months after they filed the Second Amended Complaint. (ECF No. 161 at 14.) That may be true. But assuming Plaintiff disagreed with counsel's decision to file the Second Amended Complaint (or that it was filed without his permission), he still offers no reason why he waited three months to terminate the attorney-client relationship. Or why, after terminating the relationship, he waited two more months to "reinstate his previous complaint"— at no point during these five months did Plaintiff or his counsel file anything with the Court. In short, Plaintiff offers no reason for the temporal delay, only his motivations for filing the amended pleading, which is disagreement with the claims (or lack of claims) asserted in the Second Amended Complaint. Plaintiff cites no authority to support that disagreement with a pleading filed by former counsel constitutes good cause for altering a court-ordered deadline which all parties agreed to.

Second, the Court agrees that Plaintiff "voluntarily chose [his] attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962). As the Court sees it, Plaintiff's real disagreement is with the Second Amended Complaint, not the Scheduling Order deadline. But his counsel's decision to "allege this, not that" does not establish good cause for amending the deadlines set forth in the Scheduling Order. Accordingly,

Plaintiff's objection is overruled and the Court agrees good cause does not exist for amending the Scheduling Order.[6]

   2. *Motion to Reconsider*

The second part of Plaintiff's motion, which often overlaps with the request for leave to amend, asks this Court to reconsider its September 29, 2017 order (ECF No. 93) dismissing certain claims alleged in the Corrected First Amended Complaint. (ECF No. 131 at 2-8.) The Recommendation found no reason to revisit the Court's previous dismissal and recommends denial of the motion for reconsideration. (ECF No. 160 at 3-7.) Plaintiff's objection clarifies that his "motion for reconsideration" is really a request to reinstate the dismissed claims because they are now ripe and not mooted by the Stipulation. (ECF No. 161 at 7-8.) Defendants assert that the Recommendation and the Court's prior order applied the correct legal standards, resulting in no justification for departing from those conclusions. (ECF No. 164 at 3-4.) The Court agrees with the Recommendation.

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). But "the court retains the power to alter rulings until final judgment is entered on a cause." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). Such motions may not "merely advance[] new arguments" or provide "supporting facts which were available at the time of the original motion, [a]bsent extraordinary circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration must "present matter that is material and of such

---

[6] The Court will not address Rule 15 as Plaintiff fails in the first instance to establish good cause under Rule 16. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.

importance that it would likely alter the outcome." *Aldrich Enterprises, Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, [but i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) (finding that party waived theory on motion for reconsideration that was not raised in original motion because a "motion for reconsideration is not, however, an opportunity for the losing party to raise new arguments that could have been presented originally.").

First, as Plaintiff clarifies, he moves the Court to revive or reinstate previously pled claims. A motion to reconsider does not accomplish such a goal and Plaintiff has merely used a different label to accomplish his ultimate goal—to file an amended complaint. But Plaintiff is mistaken. In this case, the Second Amended Complaint is the operative pleading because it has superseded the Corrected First Amended Complaint. The Court's September 29, 2017 order addressed claims and challenges to the Corrected First Amended Complaint. Because the Corrected First Amended Complaint is no longer the operative pleading, reconsideration of the Court's prior order relating to a stale pleading is moot.

Second, Plaintiff fails to identify a change in controlling law, new evidence that was previously unavailable, or any clear error. Plaintiff cites his unilateral disavowing of the

10

Stipulation ("I declared it terminated") as grounds for reconsideration of the Court's prior dismissal order. (ECF No. 161 at 8-9.) Plaintiff could also declare himself to be Governor of the State of Colorado, but such a proclamation does not make it legally so—the same applies to the Stipulation. And even if Plaintiff is currently seeking to void the Stipulation, the fact remains that the Property has been condemned, is no longer in Plaintiff's possession, and the final order in the Condemnation Proceeding is under appellate review by the Colorado Court of Appeals. None of the foregoing supplies the Court with reason to reconsider its prior order. Therefore, the objection is overruled.

The Court now turns to Defendants' motion to dismiss Plaintiff's Second Amended Complaint, which remains the operative pleading.

**B.     Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint**

Plaintiff's Second Amended Complaint alleges two claims for relief: (1) a 42 U.S.C. § 1983 claim based on alleged violations of the Fifth and Fourteenth Amendment to the United States Constitution; and (2) inverse condemnation against the City and County of Denver. (ECF No. 108 at ¶¶ 38-47.) The Recommendation[7] concludes the first claim should be dismissed without prejudice as unripe because the state-court condemnation proceedings are not final. (ECF No. 133 at 8-11.) With respect to the second claim for inverse condemnation, the Recommendation finds the claim should be dismissed without prejudice as unripe to the extent it seeks relief under the Fifth Amendment to the United States Constitution. (*Id.* at 11-12.) And because the Recommendation finds that all other claims should be dismissed, it concludes that supplemental jurisdiction should not be exercised over Plaintiff's inverse condemnation claim to the extent it is based on Colorado law. (*Id.* at 12-13.) Finally, as to Plaintiff's attempt to allege a

---

[7] All refences to "the Recommendation" in this Section III.B are to the Magistrate Judge's June 28, 2018 recommendation docketed at ECF No. 133.

11

conspiracy claim under section 1983, the Recommendation finds that the complaint fails to plead an agreement between the Defendants to deprive Plaintiff of his constitutional rights. (*Id.* at 13-15.) Plaintiff's objections to each recommendation will be discussed in turn, although not in the order presented by Plaintiff.

    *1. Is the Recommendation mooted by Plaintiff's filing of an "amended complaint?"*

No. Plaintiff argues that the Recommendation is moot because he has sought leave to file the RSASC, which contains allegations of "a different injury altogether." (ECF No. 138 at 4-5.) As discussed above, Plaintiff's request to modify the Scheduling Order to amend his pleadings lacks the required good cause. Therefore, the Second Amended Complaint remains the operative pleading and this objection is overruled.

    *2. Does the pending appeal of the state-court condemnation proceeding's final order affect its finality for purposes of Plaintiff's just compensation claims?*

Yes. The Recommendation submits that Plaintiff's appeal of the state-court condemnation award means that the State has not reached a final determination, making his takings claims in this Court unripe. (ECF No. 133 at 10.) Plaintiff contends that "the filing of an appeal has no effect on finality of the judgment, indeed, the prerequisite for the filing of any appeal is a final judgment." (ECF No. 138 at 5 (citing *Kempter v. Hurd*, 713 P.2d 1274 (Colo. 1986).) Defendants counter that Plaintiff misconstrues the finality of judgments with the ripeness doctrine. (ECF No. 145 at 4.) The Court agrees with the Recommendation.

The conclusion that Plaintiff's takings claims are unripe flows from *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). There, the Supreme Court held that "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation[.]" *Id.* at 195. Such a claim is

not ripe until the State "has arrived at a final, definitive position[.]" *Id.* at 191. Here, Colorado Revised Statute Section 38-1-110 provides for appellate review of a just compensation determination, which Plaintiff has invoked. Because Plaintiff is still availing himself of procedures provided by the State to obtain just compensation, the State has not arrived at a final and definitive position, making the takings claims unripe for determination in this Court. Therefore, this objection is overruled.

        *3. Does the Second Amended Complaint plausibly allege a conspiracy claim?*

No. Plaintiff's objection focuses on allegations in the RSASC to argue that he has sufficiently pled a claim for conspiracy. (ECF NO. 138 at 7.) But as discussed above, the RSASC is not the operative complaint—accordingly, the entire premise of the objection and Plaintiff's reliance on the RSASC is misplaced. Even so, the Court agrees with the Recommendation's conclusion that Plaintiff "fails to plead a plausible § 1983 conspiracy claim." (ECF No. 133 at 14.) Moreover, because the allegations establish nothing more than Defendant Sandoval acting in his official capacity "as a technician with the Denver Zoning Department," there is no reason to depart from the "general rule that officers, directors or employees of a corporation, acting in their official capacities on behalf of the corporation, cannot conspire with the corporation." *Wegerer v. First Commodity Corp. of Bos.*, 744 F.2d 719, 724 (10th Cir. 1984).[8] Therefore, the Court overrules this objection.

---

[8] As discussed below, the Court recognizes that the County of Denver is a "body corporate and politic" and, therefore, does not squarely fit the definition of a "corporation." However, the Court discerns no meaningful difference, in this case, between "body corporate" and "corporation." Thus, the general rule that an employee of a corporation, acting in his official capacity on behalf of the corporation, cannot conspire with the corporation applies with equal force to an employee of a county which has been organized as a body corporate.

13

*4. Will the Court exercise supplemental jurisdiction over Plaintiff's state-law inverse condemnation claim?*

No, the Court declines to exercise supplemental jurisdiction. The Recommendation concludes that in light of dismissing Plaintiff's entire first claim for relief as well as any inverse condemnation claim based on the Fifth Amendment to the U.S. Constitution, there is no jurisdictional basis (independent or supplemental) for the Court to adjudicate the sole remaining inverse condemnation claim based on state law. (ECF No. 133 at 12-13.) Plaintiff asserts two challenges: one, that such a conclusion contravenes the Court's September 29, 2017 order; and two, that the "magistrate's conclusion that diversity is required to invest the court with supplemental jurisdiction over a state law claim is moreover, clearly wrong." (ECF No. 138 at 3-4.) Defendants agree there is no diversity jurisdiction and, therefore, no basis for the Court to hear Plaintiff's remaining state-law inverse condemnation claim. (ECF No. 145 at 5.) The Court agrees with the Recommendation.

"There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973). However, political subdivisions designated as a "body politic and corporate," such as counties, are citizens of their respective States. *Id.* at 718. Colorado Revised Statutes Section 30-11-101 states that "[e]ach organized county within the state shall be a body corporate and politic[.]" As such, both Plaintiff and Defendants are, at most, citizens of the State of Colorado, meaning the parties lack diversity. Accordingly, there is no diversity jurisdiction and all claims based on federal law have been dismissed as discussed above.

A district court has discretion to decline to exercise supplemental jurisdiction over a state law claim if the "district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); s*ee also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151,

1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). The Court declines to exercise supplemental jurisdiction. Therefore, Plaintiff's objection is overruled.

## IV. CONCLUSION

Based on the foregoing and a *de novo* review of the portions of the recommendations to which Plaintiff objected, the Court:

(1) OVERRULES Plaintiff's objections (ECF Nos. 138, 161) to the recommendations (ECF Nos. 133, 160);

(2) AFFIRMS and ADOPTS the Magistrate Judge's recommendations (ECF Nos. 133, 160);

(3) GRANTS Defendants' motion to dismiss as follows:

    a. DISMISSES WITHOUT PREJUDICE Plaintiff's takings claims as unripe;

    b. DISMISSES WITHOUT PREJUDICE Plaintiff's condemnation claim based on federal law as unripe;

    c. DISMISSES WITH PREJUDICE Plaintiff's section 1983 conspiracy claim for failing to plead an agreement; and

      d.      DISMISSES WITHOUT PREJUDICE Plaintiff's inverse condemnation claim based on Colorado state law as the Court declines to exercise supplemental jurisdiction.

(4)      ORDERS the Clerk to enter judgment as provided in this order and the Court's September 29, 2017 order at ECF No. 93 and close this case.

**IT IS SO ORDERED.**

DATED this 11th day of March, 2019.

                      BY THE COURT:

                      _____
                      RAYMOND P. MOORE
                      United States District Judge