IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-01223-RM-NYW

THOMAS R. ANTHONY,

    Plaintiff,

vs.

CITY AND COUNTY OF DENVER, a Colorado home rule municipality, and
ANTHONY SANDOVAL,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's "Motion to Alter or Amend the Judgment, and for New Trial" (the "Motion") (ECF No. 171) filed under Fed. R. Civ. P. 59(b) and (e), arguing the two claims which were dismissed as unripe are now ripe and he "must be granted the right to amend and supplement"[1] his complaint. Defendants have filed a response (ECF No. 172); Plaintiff filed no reply. Upon consideration of the Motion, the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

**I.    BACKGROUND**

The parties are familiar with the lengthy history which precedes this Order, so it will only be briefly discussed here.

---
[1] ECF No. 171, p. 2.

This action stems from the parties' dispute over the condemnation of a building then owned by Plaintiff. During the pendency of the case before this court, state condemnation proceedings were had, an award was made, and an appeal was filed by Plaintiff before the Colorado Court of Appeals. As relevant to the challenges Plaintiff raises in the Motion, the Court accepted and adopted two recommendations made by the Magistrate Judge resulting in the dismissal of Plaintiff's claims and judgment for Defendants.

First, the Court denied Plaintiff leave to file another amended or a supplemental complaint. Next, the Court dismissed without prejudice Plaintiff's first and second claims (the Takings Claim and Inverse Condemnation Claim (based on the Fifth Amendment)[2]) as unripe because the state court condemnation proceedings were not final, relying on *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172 (1985). Finally, the Court declined to exercise supplemental jurisdiction over Plaintiff's Inverse Condemnation Claim based on the Colorado Constitution because the Court had dismissed all claims over which it had original jurisdiction. (ECF No. 167.) Plaintiff's Motion followed.

II.   **LEGAL STANDARD**

   A. **Plaintiff's *Pro Se* Status**

The Court construes Plaintiff's filings liberally because he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status 'does not excuse the obligation of any litigant

---

[2] As defined the Recommendation (ECF No. 133, p. 7).

to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)).

**B. Motion to Alter or Amend**

Plaintiff cites to Rule 59(b) and Rule 59(e) as support for his Motion but, as Defendants argue, Rule 59(b) governs motions for a new trial and is, therefore, inapplicable. Accordingly, the Court examines Plaintiff's Motion under Rule 59(e).

Rule 59(e) allows a district court to alter or amend a judgment. "'Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (brackets in original) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, [but it] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) (finding party waived theory that was not raised in original motion because a "motion for reconsideration is not…an opportunity for the losing party to raise new arguments that could have been presented originally").

**III. ANALYSIS**

Plaintiff argues (1) his claim is now ripe because the Colorado Court of Appeals has affirmed the Denver District Court's decision and denied his request for a rehearing; and (2) it was "clear error," "arbitrary and capricious," and "contrary to law" to deny him leave to

3

amend/supplement his complaint further. Defendants' response raises three arguments. First, Defendants contend, Plaintiff's claims are still not ripe because the mandate has not issued and he can still petition for certiorari. Second, Defendants argue that even if the mandate were to issue, Plaintiff's claims would be precluded by the issuance of a final decision as raised in Defendants' Motion to Dismiss. Finally, as to Plaintiff's amendment/supplementation of the complaint, Defendants assert Plaintiff is simply making the same arguments again. The Court starts with the amendment issue.

*Motion to Amend.* The Court agrees that Plaintiff's arguments about why he should be allowed to amend or supplement his complaint were either previously considered and rejected or could have been raised and were not. For example, Plaintiff complains again about his dissatisfaction with the attorneys who were representing him; complaints which the Court found insufficient. Similarly, Plaintiff's argument about the deadline to amend fares no better, even if considered.

Plaintiff argues here the deadline to amend (January 26, 2018) had already passed by the time the Scheduling Order was issued (February 21, 2018), thus denying him the ability to amend. But, Plaintiff omits significant facts. Specifically, the January 26, 2018 deadline was set on December 15, 2017 during the scheduling conference/status conference and was to be included in the proposed Scheduling Order. (ECF No. 104.) Indeed, on January 26, 2018, Plaintiff (through counsel) *did amend* – he filed his Second Amended Complaint. (ECF No. 108.) And, the proposed Scheduling Order submitted on February 14, 2018 by Plaintiff's counsel set forth the previously agreed upon and ordered January 26, 2018 deadline. (ECF No. 111.) On this record, the fact the Magistrate Judge signed the Scheduling Order after the January

26, 2018 deadline is of no moment; this fails to show any amendment was improperly denied. Thus, Plaintiff's Motion on this basis is DENIED.

### *Ripeness of Two Federal Claims.*

The parties' arguments on the two dismissed claims based on ripeness hinge on two factors: the status of Plaintiff's appeal of the state court condemnation proceeding and the application of *Williamson County*. Those factors, however, have changed since the filing of the Motion and Defendants' response. First, the Court takes judicial notice that on August 19, 2019, the Colorado Supreme Court denied Plaintiff's petition for writ of certiorari. *Anthony v. City and County of Denver*, No. 19SC312, 2019 WL 3934633 (Colo. Aug. 19, 2019). Second, in *Knick v. Township of Scott,* 139 S. Ct. 2162, 2179 (2019), the United States Supreme Court overruled the state-litigation requirement of *Williamson County*. In overruling *Williamson County,* the Supreme Court held "[a] property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government." *Id.* Thus, "because the violation is complete at the time of the taking, pursuit of a remedy in federal court need not await any subsequent state action." *Id.* at 2177. Accordingly, Plaintiff's two federal claims are ripe. On this basis, the Court grants the Motion, vacates the judgment, and reinstates these two claims.

### *Supplemental Jurisdiction over State Law Inverse Condemnation Claim.*

The Court had declined to exercise jurisdiction over the remaining state law claim upon the dismissal of the two federal claims. Upon the reinstatement of the two federal claims, the Court finds the state law claim should be reinstated as well. Thus, the Motion is granted as to this claim. But, the Court's inquiry does not end here.

*Defendants' Other Arguments.*

In their Motion to Dismiss, Defendants raised additional arguments which the Magistrate Judge did not – and did not need to – decide in light of the recommended dismissals. Defendants' response to the Motion argues that, even if the claims became ripe, they would nonetheless be precluded by the issuance of a final decision as asserted in their Motion to Dismiss. Defendants are apparently relying on their argument of claim and issue preclusion set forth in Section A.1 of their Motion to Dismiss. (ECF No. 109, pp. 10-11.) In light of the subsequent events, e.g., the conclusion of the state court proceeding, which transpired after the filing of the Motion to Dismiss, the Court finds supplementation of that argument is required before the Court can evaluate its merits. Accordingly, the Court will allow further briefing on this issue to determine whether Plaintiff's takings and inverse condemnation claims are nonetheless barred.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) That the Motion to Alter or Amend (ECF No. 171) is granted in part and denied in part as stated herein;

(2) That the Final Judgment (ECF No. 168) is hereby VACATED;

(3) That on or before February 28, 2020, Defendants shall file any opening brief and, on or before March 20, 2020, Plaintiff may file any response brief on the question of issue and claim preclusion. Both briefs are limited to 20 pages, exclusive of the certificate of service, and shall be limited to the issue as stated above. Any additional

arguments or issues, e.g., amendment of the complaint, will be stricken and will not be considered. No reply shall be allowed except as ordered by the Court; and

(4) That the case is STAYED pending a determination of whether the claims are nonetheless subject to dismissal based on preclusion as previously raised in Defendants' Motion to Dismiss (ECF No. 109).

DATED this 7th day of February, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge