**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-01223-RM-NYW

THOMAS R. ANTHONY,

    Plaintiff,

vs.

CITY AND COUNTY OF DENVER, a Colorado home rule municipality; and ANTHONY SANDOVAL, Denver zoning technician, in his official as well as his personal capacity,

    Defendants.

---

## ORDER
---

    This matter is before the Court on Plaintiff's "Objection to Use of Extra-Record Evidence, Interrogatory to the Court, and Request to be Heard" (ECF No. 185), in which Plaintiff seeks certain relief. The Court construes the objection as a motion because Plaintiff seeks relief; it finds no response is required before issuing this Order. *See* D.C.COLO.LCivR 7.1(d).

    Plaintiff's motion: (1) seeks the disclosure of "apparent *ex parte* communications"; and (2) objects to the Court's "referral to extra-record evidence" but, in the event the Court decides to take judicial notice of facts from such extra-record documents, seeks an opportunity to be heard. The Court addresses the first relief in this Order and defers a ruling on the second relief until it determines whether Fed. R. Evid. 201 is triggered.

***Alleged Ex Parte Communications.*** Plaintiff alleges that because the Court requested Defendants to provide copies of documents referenced in the court record, in cases relevant to the issue of issue and claim preclusion that is before the Court, it follows that "[a]pparent *ex parte* communications have taken place."[1] No such communications have occurred and Plaintiff's unsupported assertions do not show otherwise. Instead, for example, as specifically shown in the Minute Order[2] requesting a copy of the trial court's orders in Case No. 2016cv034153, which referred the parties to ECF No. 109-10, p. 3, that information was disclosed by Defendants in their Motion to Dismiss. Similarly, Plaintiff provided the date (February 7, 2019) of the Colorado Court of Appeals' opinion in his Motion to Alter or Amend Judgment,[3] which motion the Court granted in part in its Order of February 7, 2020.[4] Concomitantly, Plaintiff fails to provide any basis to support his request for discovery from the Court on the basis of such alleged *ex parte* communications or otherwise. *See In re McCarthey*, 368 F.3d 1266, 1269-1270 (10th Cir. 2004) (28 U.S.C. § 144 and 28 U.S.C. § 455 provide no authority for what amounts to discovery from a district court judge).

***Judicial Notice Under Fed. R. Evid. 201.*** Rule 201(b) provides "[t]he court may judicially notice a fact that is not subject to reasonable dispute." Rule 201(c) provides the court may do so "on its own" or "if a party requests it." And, under Rule 201(e), "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Thus, Plaintiff requests to be heard "in the event" the court decides (or decided) to take judicial notice of facts from the documents requested in the August 6, 2020 Minute

---

[1] ECF No. 185, p. 2.
[2] ECF No. 182.
[3] ECF No. 171, p. 2.
[4] ECF No. 173.


Order. (ECF No. 182.) As no decision has been made regarding these documents, raised by the parties' filings, the Court will defer ruling on this request.

Based on the foregoing, it is **ORDERED** that Plaintiff's objection (ECF No. 185), construed as a motion, is DENIED in part and DEFERRED in part as stated herein.

DATED this 3rd day of September, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge