**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-01223-RM-NYW

THOMAS R. ANTHONY,

      Plaintiff,

vs.

CITY AND COUNTY OF DENVER, a Colorado home rule municipality; and
ANTHONY SANDOVAL, Denver zoning technician, in his official as well as his personal
capacity,

      Defendants.

---

## ORDER

---

    This matter is before the Court on Plaintiff's "Motion to Recuse, including Second Request for Investigation" (ECF No. 186). The Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d).

**A. RECUSAL**

    Plaintiff seeks the Court's recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455. A party's request for recusal must be timely and sufficient.

    To be timely, it should be brought "at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." *Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019) (quotation marks and citation omitted). This "guards against a party's withholding a recusal application as a fall-back position in the event of adverse rulings on pending matters." *Burke*, 935 F.3d at 1053 (quotation marks and citation omitted).

To be sufficient under § 455(a), Plaintiff must show this Court's "impartiality might reasonably be questioned." "The trial judge must recuse when there is the appearance of bias to the reasonable person, regardless of whether there is actual bias." *Burke*, 935 F.3d at 1054. The objective test is "whether a reasonable person, knowing all relevant facts, would harbor doubts" about the judge's impartiality. *Id.*; *Snyder v. Acord Corp.*, 811 F. App'x 447, 470 (10th Cir. 2020) (same); *Scott v. Rubio*, 516 F. App'x 718, 722 (10th Cir. 2013) (objective test). To be sufficient under § 455(b), actual partiality must be shown. *Burke*, 935 F.3d at 1054. "But under § 455, a judge should ignore rumors, innuendos, and erroneous information and refuse recusal based on unsupported, irrational, or highly tenuous speculation." *Snyder*, 811 F. App'x at 471 (quotation marks and citation omitted). "A judge…is not limited to the allegations or required to treat them as true, and should reject recusal when there is no valid basis." *Id.* at 471.

To be sufficient under 28 U.S.C. § 144, the moving party must file a "timely and sufficient affidavit that the judge … has a personal bias or prejudice either against him or in favor of any adverse party." However, "[t]he simple filing of an affidavit does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). The court "must pass on the legal sufficiency of an affidavit," but all factual allegations must be taken as true. *Bray*, 546 F.2d at 857. "The affidavit is insufficient if it merely states conclusions, rumors, beliefs and opinions; it must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (quotation marks and citation omitted). The facts alleged are strictly construed against the moving party. *Scott*, 516 F. App'x at 722; *U.S. v. Stewart*, 378 F. App'x 773, 776 (10th Cir. 2010).

Under § 455 and § 144, adverse rulings by a judge are not sufficient grounds for disqualification. *Bray*, 546 F.2d at 857; *Scott*, 516 F. App'x at 723; *Piedra v. True*, 52 F. App'x 439, 441 (10th Cir. 2002) ("general grievance with the outcome of the district court's order…is insufficient to show bias"). The moving party bears a heavy burden of showing recusal should be had. *Burke*, 935 F.3d at 1054; *Stewart*, 378 F. App'x at 776.

Plaintiff raises three grounds to support his request for recusal. None of them, solely or collectively, are sufficient.

First, Plaintiff alleges that, in August 2020, he was not served with a Minute Order, issued on August 6, 2020, by the Court;[1] and he filed a document on August 11, 2020 but it was not docketed until August 14, 2020 because the clerk of the court advised they were "'backlogged due to COVID.'" In addition, he alleges that a filing he made in April 2020 was not docketed until May 2020. Even assuming all of these allegations are true, which the Court does under § 144, they show nothing more than there were problems – during this COVID-19 pandemic – which impacted the court's mailing and docketing procedures or systems. They do not show any appearance of bias, actual bias, or personal bias against Plaintiff. Plaintiff's conclusory beliefs and speculation that the Court directed the clerk to not docket his filings are insufficient to support a contrary finding.

Next, Plaintiff complains of rulings which he considers adverse, such as the Court's recent conversion of Defendants' motion to dismiss to a motion for summary judgment and the

---

[1] To the extent Plaintiff relies on the alleged failure to have a "certificate of service" to support that he did not receive the Minute Order, he fails to show there is any requirement for the Court to prepare a separate certificate of service. Regardless, the court did mail Plaintiff a copy of that Minute Order. Defendants' August 6, 2020 (which Plaintiff refers to as August 7, 2020) filing does contain a certificate of service. (ECF No. 183.)

Plaintiff is not a registered electronic filer. Nonetheless, when Plaintiff pulled up the docket on August 7, he would have been able to read the entire text only entry Minute Order online.

Court's overruling of objections to recommendations of the Magistrate Judge made long ago, i.e., in 2017 and 2018. (*See* ECF Nos. 84, 138, 161.) Such rulings also fail to provide support for recusal. *Bray*, 546 F.2d at 857; *Scott*, 516 F. App'x at 723; *Piedra*, 52 F. App'x at 441.

Finally, Plaintiff engages in speculation, conclusions, rumors, beliefs, and opinions that the Court has engaged in *ex parte* communications with Defendants and improperly engaged in "investigations" "outside the record." This too fails to support recusal under § 144 or § 455. They also fail to show Plaintiff may conduct discovery of the Court. *See In re McCarthey*, 368 F.3d 1266, 1269-1270 (10th Cir. 2004) (28 U.S.C. § 144 and 28 U.S.C. § 455 provide no authority for what amounts to discovery from a district court judge).

## B.  REQUEST FOR SANCTIONS AGAINST DEFENDANTS

Plaintiff also seeks sanctions against Defendants, based on the conclusory allegation that their attorneys have engaged in "continuous egregious conduct" here and in other cases not before the Court. Plaintiff cites neither facts nor legal authority to support such a request. Accordingly, it is denied.

## C.  SUMMARY

Based on the foregoing, it is ORDERED that Plaintiff's Motion to Recuse, including Second Request for Investigation (ECF No. 186) is DENIED.

DATED this 3rd day of September, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge