# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 16-cv-01223-RM-NYW

THOMAS R. ANTHONY,

    Plaintiff,

vs.

CITY AND COUNTY OF DENVER; and
ANTHONY SANDOVAL,

    Defendants.

---

# ORDER

---

    This matter is before the Court on Plaintiff's Motion for Extension of Time Pursuant to Rule 6(b)(1)(B) (the "Motion") (ECF No. 224) seeking leave to file an objection to the Magistrate Judge's Recommendation (ECF No. 214) by January 26, 2021.[1] Plaintiff argues the Court "must accept [his] late filing." The Court finds otherwise.

    In reviewing Plaintiff's Motion, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

    At issue is Rule 6 of the Federal Rules of Civil Procedure governing extensions of time. But Plaintiff has already previously requested an extension of time to object to the

---

[1] The Court finds no response is required before ruling on the Motion. *See* D.C.COLO.LCivR 7.1(d).

Recommendation. (ECF No. 220.)[2] And the first motion for extension was denied by Order dated January 14, 2021. (ECF No. 222.) The Court will not entertain yet another motion on the matter, especially since the Court has already ruled and accepted the Recommendation.

Nonetheless, because Plaintiff proceeds *pro se*, the Court will also consider the Motion as a request for reconsideration of the January 14, 2021 Order. "The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation marks and citation omitted). But "the court retains the power to alter rulings until final judgment is entered on a cause." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023-24 (10th Cir. 2018) (district court with inherent power to reconsider its interlocutory rulings). Such motions, however, may not "merely advance[] new arguments" or provide "supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* The Court finds no grounds which warrant reconsideration.

First, there has been no intervening change in controlling law. Next, Plaintiff provides no new evidence previously unavailable. Third, the Court finds no need to correct clear error or prevent manifest injustice. As the Court previously stated, the Recommendation was timely mailed to Plaintiff. Prior to the expiration of the time to object, Plaintiff had actual knowledge that the Recommendation was issued and had directed a copy be sent to him; the docket entry

---

[2] The rules governing extensions are not technical; Plaintiff has requested extensions of time on several occasions in this case.

specifically stated that "[c]opies mailed as ordered" (ECF No. 214); a copy was in fact mailed to Plaintiff, as he ultimately conceded[3]; Plaintiff retrieved a copy himself off of PACER; and Plaintiff filed a Motion to Vacate the Recommendation. Moreover, the Court conducted a de novo review of the Recommendation and found it accurately set forth the relevant factual and procedural background and properly and correctly applied the law. The Court agreed with the Recommendation, including the finding that Plaintiff failed to set forth sufficient reasons to allow him to amend his complaint yet again. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Extension of Time Pursuant to Rule 6(b)(1)(B) (ECF No. 224) is **DENIED**.

DATED this 21st day of January, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[3] Plaintiff admitted the Recommendation was in fact mailed in his first Motion for Extension of Time (ECF No. 220), not in his Motion to Vacate (ECF No. 219) as the Court's Order of January 14, 2021 (ECF No. 222, p. 2) inadvertently stated.