IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-01223-RM-NYW

THOMAS R. ANTHONY,

    Plaintiff,

vs.

CITY AND COUNTY OF DENVER; and
ANTHONY SANDOVAL,

    Defendants.

---

## ORDER
---

    This matter is before the Court on the following matters: (1) Plaintiff's "Request for Ruling on Motion to File RSASC" (the "Motion for Order") (ECF No. 234); and (2) Plaintiff's "Motion for Extension to File Cross-Motions for Partial Summary Judgment, and Request to Upload Exhibits" (the "Motion for Extension") (ECF No. 235). Defendants filed responses but Plaintiff filed no replies. Upon consideration of the motions, and being otherwise fully advised, the Court finds and orders as follows:

    ***The Motion for Order.*** In this motion, Plaintiff contends that the Court's Order vacating the final judgment in this case somehow vacated the Court's prior order adopting the recommendation denying Plaintiff leave to amend/supplement his complaint, The Court's Order did not. (*See* ECF No. 173.) Moreover, the Court will not revisit the issue again, as it has already done so and found Plaintiff may not amend/supplement. (*See* ECF No. 173, p. 4-5.) Accordingly, this motion is denied.

***The Motion for Extension.*** Here, Plaintiff requests a 30-day extension of time to file any cross-motion for summary judgment – calculated from the date in which his exhibits previously submitted conventionally to the court are uploaded into PACER for public access. In order to be granted an extension of time, Plaintiff must show "good cause." *See* Fed. R. Civ. P. 6(b).

To start, it is unclear to the Court why Plaintiff would require the court's copy of exhibits he submitted. In other words, why he does not have a copy of his own exhibits.

Next, the fact that Plaintiff's materials submitted to the court were not uploaded in the court's electronic case filing ("ECF") system does not render those materials inaccessible to the public. The public was able to review those documents at the Clerk's office. The Court recognizes, however, that, due to the COVID-19 pandemic, there are currently certain limitations on the public's access to the Clerk's office. Regardless, those materials have now been uploaded into the ECF system and available electronically. (*See* ECF No. 67.)

Third, Plaintiff fails identify what he needs from those materials or how they support any anticipated motion for summary judgment. Nor does Plaintiff contend that the only place in which such materials may be found is at the court.

Finally, what remains of Plaintiff's case is limited and Plaintiff has already responded to Defendants' motion for summary judgment. Thus, on this record, the Court finds insufficient cause for a 30-day extension. Nonetheless, because of the limitations on in-person access to the documents, the Court will grant Plaintiff a two-week extension from today in which to file his motion for summary judgment.

***Conclusion.*** Based on the foregoing, the Court **ORDERS** as follows:

(1) That Plaintiff's "Request for Ruling on Motion to File RSASC" (ECF No. 234) is DENIED; and

(2) That Plaintiff's "Motion for Extension to File Cross-Motions for Partial Summary Judgment, and Request to Upload Exhibits" (ECF No. 235) is GRANTED IN PART in that the documents have been made available electronically and the deadline for Plaintiff to file his motion for summary judgment is extended to March 19, 2021.

DATED this 5th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge